**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES HOMER THOMAS, | Case No. 2:26-cv-00891-CDS-NJK |
| Plaintiff, | |
| v. | **Order** |
| LVGV, LLC, | [Docket No. 16] |
| Defendant. | |

Pending before the Court is the parties' stipulation to extend case management deadlines by 90 days. Docket No. 16.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end."  *Id.*[1]  Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on May 14, 2026, setting the discovery cutoff on September 21, 2026.  Docket No. 14.  The parties now request a 90-day extension because Defendant has not been able to independently obtain Plaintiff's medical records and the parties' seek to retain lighting experts to measure the illumination in the subject room at a similar time in the year and at the approximate time when the subject incident occurred.  Docket No. 16 at 3.  However, Plaintiff has not conducted any discovery at all and Defendant has engaged in minimal discovery efforts; therefore, the parties have not demonstrated diligence.  *Id.* at 2. Further, Plaintiff fails to provide persuasive reasons for why he has not provided medical authorizations.

Nonetheless, in the interest of resolving this case on its merits and as a <u>one-time</u> courtesy to the parties, the Court will grant a 60-day extension of the subject deadlines.  Accordingly, the Court **GRANTS** in part and **DENIES** in part the instant stipulation and **RESETS** case management deadlines as follows:

- Initial experts:  September 21, 2026
- Rebuttal experts:  October 23, 2026
- Discovery cutoff:  November 20, 2026
- Discovery motions:  December 4, 2026
- Dispositive motions:  December 21, 2026

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

- Joint pretrial order:  January 19, 2027, or 30 days after the resolution of any dispositive motions

IT IS SO ORDERED.

Dated: July 1, 2026

_____

Nancy J. Koppe
United States Magistrate Judge

3